IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01762-BNB

GRANVILLE HUBBARD,

     Applicant,

v.

BRETT L. POWELL, Sheriff of the County of Logan, State of Colorado, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

     Respondents.

---

## ORDER OF DISMISSAL

---

     Applicant, Granville Hubbard, through counsel, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  He challenges the validity of his conviction and sentence imposed in Denver District Court Case No. 90CR272.  Mr. Hubbard has paid the $5.00 filing fee.

     On July 10, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  After obtaining an extension of time, Respondents submitted a Pre-Answer Response on August 24, 2012. (ECF No. 10).  Applicant thereafter sought and was granted an extension of time to file his Reply, which he filed on September 27, 2012.  (ECF No. 13).  For the reasons stated below, the Court will dismiss the Application as untimely.

### I. Background and State Court Proceedings

Mr. Hubbard was convicted pursuant to his guilty plea of second degree murder. (ECF No. 10-1, at 2 of 17).  On July 8, 1991, the trial court sentenced him to a prison term of forty-eight years.  (*Id.*).

Mr. Hubbard appealed his sentence.  The Colorado Court of Appeals affirmed in *People v. Hubbard* (*Hubbard I*), No. 91CA1230 (Mar. 12, 1992) (unpublished) (ECF No. 1, at 22 of 54).  Applicant did not appeal his convictions or sentence.  The Colorado Supreme Court denied certiorari review on or about July 28, 1992.  (ECF No. 10-1, at 14).

On January 25, 1993, Mr. Hubbard filed a motion for sentence reconsideration pursuant to Colo. R. Crim. P. 35(b), which the trial court denied on June 23, 1993. (ECF No. 1, at 30; ECF No. 10-1, at 14-15).

On August 30, 1993, Mr. Hubbard filed a General Affidavit the state trial court requesting the appointment of counsel to assist him in filing a Colo. R. Crim. P. 35 motion.  (ECF No. 1, at 31).  The trial court set the matter for a hearing and appointed counsel for Applicant.  (ECF No. 10-1, at 15).  Counsel was thereafter permitted to withdraw and new counsel was appointed.  (*Id.* at 15-16).

On June 1, 1994, appointed counsel filed a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(c), maintaining that Mr. Hubbard's plea counsel had provided constitutionally ineffective assistance in misrepresenting the plea bargain to Applicant.  (ECF No. 1, at 32-33 of 54).  On July 14, 1994, appointed counsel informed the trial court during a status conference that Mr. Hubbard did not wish to proceed on his motion.  (ECF 10-1, at 16).  The trial court ordered counsel to file a written notice of

2

withdrawal signed by Mr. Hubbard.  (*Id.*).  Counsel filed a Notification Regarding

Withdrawal of Crim. P. 35(c) motion on August 19, 1994.  (ECF No. 1, at 34).

Mr. Hubbard filed *pro se* a motion to correct illegal sentence on September 12,

2001.  (ECF No. 10-1, at 6).  The trial court denied the motion on September 20, 2011.

(*Id.*). The Colorado Court of Appeals affirmed the trial court's denial in *People v.*

*Hubbard* (*Hubbard II*), No. 01CA1997 (Colo. App. June 26, 2003) (not published).  (ECF

No. 10-4).

On January 28, 2004, Mr. Hubbard filed a letter with the trial court requesting a

correction of the mittimus.  (ECF No. 10-1, at 5).  The trial court granted the request and

issued a corrected mittimus on July 27, 2004.  (*Id.* at 4).  On August 5, 2004, the trial

court issued an amended judgment of conviction and sentence.  (*Id.*).

On March 30, 2005, Mr. Hubbard filed a motion for specific enforcement of his

plea agreement and for correction of an illegal sentence under Colo. R. Crim. P. 35(a).

(*Id.*).  On May 25, 2005, he filed a motion for post-conviction relief pursuant to Colo. R.

Crim. P. 35(c).  (*Id.*).  The trial court denied the Rule 35(c) motion on June 17, 2005.

(*Id.*).  The Colorado Court of Appeals affirmed the trial court's denial in *People v.*

*Hubbard* (*Hubbard III*), No. 05CA1627 (Colo. App. Dec. 28, 2006) (not published) (ECF

No. 1, at 44).  Mr. Hubbard did not file a petition for certiorari review in the Colorado

Supreme Court.

Mr. Hubbard initiated this action on July 6, 2012, asserting two claims for relief:

(1) that his plea counsel was constitutionally ineffective when counsel advised him

incorrectly that he would not be subject to a mandatory per se crime of violence

sentence enhancement; and (2) the "dismissal of the mandatory sentence-violent crime

3

charge, and the subsequent sentencing under those same guidelines was misleading, prejudicial, and a denial of his rights to Due Process, and Equal Protection rights as guaranteed by the Constitution of the United States." (ECF No. 1, at 6, 13, ¶¶ 24, 57). Respondents argue that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Respondents further contend that Mr. Hubbard has procedurally defaulted his claim in the state courts which precludes this Court's review of the merits.

## II.  AEDPA Time Bar

Respondents argue that the Application is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Hubbard was sentenced on July 8, 1991.  The Colorado Supreme Court denied his petition for certiorari review in his direct appeal proceeding on July 28, 1992. Applicant's conviction became final on October 26, 1992, when the ninety-day period to petition the United States Supreme Court for certiorari review expired.  *See Rhine v. Boone*, 182 F.3d 1153, 1155-56 (10th Cir. 1999); Sup. Ct. Rule 13.1.  Because Mr. Hubbard's conviction was final before the AEDPA was effective, the limitation period began to run on April 24, 1996, the AEDPA's effective date. *See Allen v. Siebert*, 552 U.S. 3, 4 (2007) (per curiam); *Fisher v. Gibson,* 262 F.3d 1135, 1142 (10th Cir. 2001).[1]

The Court must next determine whether Mr. Hubbard filed state post-conviction motions that tolled the one-year limitation period.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on

---

[1]The Court notes that Mr. Hubbard's 2004 proceeding, which resulted in the trial court issuing an amended judgment of conviction and sentence on August 5, 2004, did not affect the commencement of the limitations period on April 24, 1996.

5

> an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

There were no state post-conviction motions pending at the time the one-year limitation period commenced on April 24, 1996.  Mr. Hubbard did not file a state post-conviction motion before the one-year period expired on April 24, 2007.  *See United States v. Hurst*, 322 F.3d 1256, 1259-61 (10th Cir. 2003) (limitation period ends on the one-year anniversary of the date upon which the period began to run).  State post-conviction motions filed after the passage of the one-year period are not relevant to the timeliness of Mr. Hubbard's federal application.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2004) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (same).  Accordingly, Mr. Hubbard's federal Application, filed on July 6, 2012, is time-barred unless equitable tolling applies.

## III.  Equitable Tolling

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson,* 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d

976, 978 (10th Cir. 1998).  Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period.  *See Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010); *Gibson*, 232 F.3d at 808.  Simple excusable neglect is not sufficient to support equitable tolling.  *Gibson*, 232 F.3d at 808.  Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently.  *Miller*, 141 F.3d at 978.  The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978)).  Mr. Hubbard bears the burden of demonstrating that equitable tolling is appropriate in this action.  *See id.*

Mr. Hubbard asserts that pursuant to *Holland*, he is entitled to equitable tolling because his state post-conviction counsel advised him to withdraw the Colo. R. Crim. P. 35(c) motion that he filed in 1994, but failed to inform him about the prejudicial consequences of that decision.  (ECF No. 1, at 7-8, ¶¶29-34; ECF No. 13, at 3, 7-8. ). Applicant further maintains that because he was illiterate at the time of his plea and subsequent state post-conviction proceedings, he was forced to rely on the representations of court-appointed counsel to preserve his rights.  (ECF No. 1, at 8, 17, ¶¶ 31, 75; ECF No. 13, at 2).

In *Holland*, the Supreme Court held that an attorney's unprofessional conduct may sometimes be an "extraordinary circumstance" justifying equitable tolling.  *Holland*, 130 S.Ct. at 2562-63.  However, not all claims of attorney negligence meet this standard.  *Id.* at 2564.  In *Holland,* the petitioner consistently and diligently urged his

7

attorney to file a timely habeas petition, but the attorney consistently and delinquently ignored him. *Id.* at 2555-59. The Court held that petitioner's claim that he was abandoned by his attorney, if true, "would suffice to establish circumstances beyond his control." *Id.* at 2568.

The factual circumstances in *Holland* established a direct link between the attorney's misconduct and the petitioner's untimely federal application. By contrast, in this case, even if Mr. Hubbard withdrew his July 1994 state post-conviction motion based on the deficient advice of post-conviction counsel, Applicant has failed to establish a nexus between that event and the untimeliness of his federal Application. The one-year limitations period commenced on April 24, 1996. Mr. Hubbard did not file another state post-conviction motion until September 2001, more than seven years after he withdrew his original post-conviction pleading, and more than four years after the statute of limitations expired. Mr. Hubbard does not offer any explanation as to why he took no action to preserve his rights between April 24, 1996 and April 24, 1997. Applicant's *pro se* status and his illiteracy do not constitute extraordinary circumstances that warrant equitable tolling. *See Davis v. Roberts*, 425 F.3d 830, 835-36 (10th Cir. 2005) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotation marks omitted)); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.1999) (holding that illiteracy does not merit equitable tolling).

Furthermore, although counsel's alleged substandard advice to Mr. Hubbard to withdraw his pending state post-conviction motion in 1994 may be relevant to the Respondent's defense of procedural default, it does not affect the timeliness analysis.

8

Mr. Hubbard could have filed another post-conviction motion before the one-year limitations period expired on April 24, 1997.   That motion would have tolled the statute, even if it was subject to summary dismissal as successive under Colorado law.  *See Habteselassie*, 209 F.3d at 1211 ("[A]ffirmative defenses [such as prohibitions against the filing of successive petitions] that preclude a court from granting relief on the merits, as opposed to pure filing requirements, require analysis in some manner of the substance of the claims set forth by the petitioner and do not prevent a motion from being "properly filed" for purposes of § 2244(d)(2).").

Finally, Mr. Hubbard does not allege any facts to demonstrate that he is actually innocent of the crime of second degree murder or that he actively pursued his judicial remedies but filed a defective pleading within the statutory period.

## IV.  Conclusion

Having reviewed Mr. Hubbard's allegations, the Court finds that he has failed to assert an adequate basis for equitable tolling of the one-year limitation period. Therefore, under 28 U.S.C. § 2244(d), Mr. Hubbard is time-barred from filing a federal habeas corpus action in this Court.  Furthermore, because the Application is clearly untimely, the Court need not reach Respondents' other argument that Mr. Hubbard has procedurally defaulted his claims in the state courts, so that the claims are barred from merits review.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate

9

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Hubbard has not made a substantial showing both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Mr. Hubbard may file a motion with the Tenth Circuit Court of Appeals.

DATED at Denver, Colorado, this _26th_ day of ___October_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court